JUSTICE RICE
dissenting.
¶35 I respectfully dissent. Admittedly, the decision reached by the District Court, and affirmed here, appears to be an equitable one, given the longstanding use of the disputed road by the Brechbill family, who were Respondents’ predecessors in interest. However, I do not believe the claim satisfies all of the elements required by our case law to establish a prescriptive easement, and therefore, I believe a different result is compelled. Specifically, exclusive use and adverse use were not established by the evidence.
¶36 The District Court stated in Finding of Fact #21 that “[i]t appears that [Theodore’s] use which occurred between 1937 and 1992 was exclusive, i.e., not dependent upon Octavo’s right.” The Court confirms this determination in ¶ 20 of the Majority Opinion:
The District Court examined the pleadings from Pentz, noting that Percy Pentz admitted, in his original complaint, that his property was subject to the rights of both Octavo and Theodore to travel across his property by way of the road. Pentz’s admission was a concession that Theodore had a legal right, independent *344 from Octavo’s right, which was appurtenant to the former Brechbill property. Therefore, Theodore’s right to use the road to cross the properties in dispute was an exclusive right. As such, we hold that Theodore’s use of the disputed road satisfies the exclusivity element of the Lewises’ prescriptive easement claim.
The conclusion that the Pentz litigation established a legal right in Theodore to use the disputed road which was independent from Octavo’s right is, in my view, erroneous. Although Pentz had asserted that Theodore had a right to use the road, that assertion was premised entirely on Theodore’s role as the manager of Octavo’s property, and upon Octavo’s ownership of the property. Pentz’s complaint did not specifically address this distinction, but the proposed findings he submitted to the court did:
That such rights [to the disputed road] as the defendants may have had in the said “old road” were appurtenant to the lands owned by the defendant, Octavo Brechbill. That the defendant, Theodore Brechbill, is the manager of the said lands owned by the defendant, Octavo Brechbill.
The Pentz court adopted this proposed finding as its own, and entered a decree concluding “[t]hat the defendant, Octavo Brechbill, is the owner of a permanent easement” over the disputed road. The judgment did not declare that Theodore was an owner of an easement resulting from the ownership of his own lands, which were not at issue in Pentz. Thus, Octavo’s ownership of the easement and Theodore’s employment by Octavo formed the basis of Theodore’s right to use the disputed road. The Majority Opinion acknowledges as much when discussing the adverse use requirement, stating that the easement granted to Theodore over the Pentz property “was based upon his family’s interest in the former Brechbill property....” Majority Opinion, ¶ 25 (emphasis added). Outside Octavo’s ownership of the Brechbill property, Theodore had no claim to the easement, and, because his own lands were not a subject of the litigation, his interest as established in the Pentz litigation was not independent. Consequently, that use was not exclusive, which requires a showing that “the right was exercised under a claim of right independently of others.” Lemont, 269 Mont. at 184, 887 P.2d at 727.
¶37 The District Court’s findings undermined its conclusion that Theodore’s use was exclusive:
The evidence indicates that Theodore Brechbill’s use of the disputed road was either made pursuant to a claim of legal right his family had acquired, any appurtenant easement acquired by conveyance from Ida Fales, or by acquiescence of his mother or all *345 of the above.
Finding of Fact #20, Order of July 6, 2001. The District Court later found that Theodore had not acquired an easement in the conveyance from Fales, thus leaving either “a claim of legal right his family had acquired” or “acquiescence of his mother” as the possible sources of his interest. As already seen, the “family right” was premised upon Octavo’s ownership interest, and not Theodore’s ownership interest. Therefore, neither of these remaining alternatives constituted an independent interest necessary to establish Theodore’s use as exclusive.
¶38 Absent a showing of “exclusive” use, as our law defines that requirement, Theodore’s claim must fail.
¶39 Though not necessary for resolution of this matter, I would also find that there was insufficient evidence to demonstrate adverse use by Theodore. I acknowledge that there is evidence in the record consistent with a finding of adversity, but it is very minimal. In finding sufficient evidence to support adverse use, the Court relies on the evidence it found in support of the element of open and notorious, that being Theodore’s long time use, and his maintenance of the road. See Majority Opinion, ¶¶ 27 and 18. However, as the Court acknowledges, long time use alone does not establish adversity; and while maintenance can be evidence of adverse use, maintenance provided by Theodore in this case could also be consistent with his right to use the road as manager of Octavo’s property, and thus, non-adversarial. The testimony in the record seems to be either ambiguous on this point, or supportive of a conclusion that Theodore was providing maintenance in support of Octavo’s interest, with the exception of brief testimony offered by Frank Brechbill:
Q. Did [Theodore] also do maintenance from that part of the roadway that went beyond your home place and on up to his property, or the Fales’ property?
A. Yes, he did.
Q. Did you see him do that?
A. Yes, I did.
In analyzing this issue, it should be remembered that maintenance of a disputed road does not necessarily constitute prima facie evidence of adverse use. See Cope, 158 Mont. at 394-95, 493 P.2d at 340. It should be further remembered that this is a case of alleged prescriptive use within a family, which, in accordance with Cope, requires sufficient proof to overcome an inference that the use was non-adversarial: “[A] family relationship existing between the litigants creates an inference in itself that the use in controversy was permissive.” Cope, 158 Mont. *346 at 395, 493 P.2d at 340 (emphasis added).
¶40 The District Court and this Court have only partially applied Cope. It is correct that Cope requires a clear, positive and continued disclaimer and disavowal of title to be demonstrated within the family. However, that showing is required in addition to proof of the ordinary elements of prescriptive easement, and must also rebut the inference that the family use at issue is permissive. Given the minimal evidence of maintenance unrelated to Octavo’s interest, I would conclude that the element of adversity was not proven at trial.
¶41 I would reverse the judgment of the District Court.